NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON JOSEPH KELEMEN,

        Plaintiff - Appellant,

    v.

JOHN HAMLIN; WILLIAM
MARSHALL; EVELYN
CANTENO; MELANIE McMANUS,

        Defendants - Appellees.

No. 24-1906

D.C. No. 6:23-cv-01916-AA

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted November 12, 2025**

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Oregon state prisoner Jason Joseph Kelemen appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging false

imprisonment in connection with his probation revocation. We have jurisdiction

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (dismissal as time-barred); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Kelemen's action as time-barred because Kelemen failed to file the action within the applicable statute of limitations. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (explaining that the statute of limitations for § 1983 actions is the state law statute of limitations for personal injury actions, and that the applicable Oregon statute of limitations is two years). We reject as meritless Kelemen's contention that he is entitled to equitable tolling. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1048 (9th Cir. 2016) (explaining that equitable tolling is used sparingly in Oregon).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

State appellees' motion (Docket Entry No. 26) for judicial notice is granted.

**AFFIRMED.**